UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARLENE JENKINS,

                              Plaintiff,

                -against-

NYCHA and JOHN DOE,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/19/2023_____
```

21 Civ. 10364 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On December 3, 2021, Plaintiff *pro se*, Arlene Jenkins, commenced this action against

Defendant the New York City Housing Authority ("NYCHA") and an unknown NYCHA

employee ("John Doe"), alleging that NYCHA deprived Plaintiff of adequate heat and hot water,

and that it may have sent John Doe into her apartment when she was not home and without her

consent.  ECF No. 2.  On April 6, 2022, NYCHA filed a motion to dismiss the complaint under

Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6).  ECF No. 17; ECF No. 18 at 9–10.

On April 8, 2022, the Court referred the motion to the Honorable Katharine H. Parker for a

report and recommendation.  ECF No. 20.  On October 11, 2022, Judge Parker submitted her

report and recommendation (the "R&R"), recommending that the Court grant NYCHA's motion

to dismiss without prejudice.  ECF No. 23.  On October 31, 2022, the Court adopted the R&R

and gave Plaintiff until November 14, 2022, to move for leave to amend her complaint.  ECF No.

24.  On November 15, 2022, the Court extended Plaintiff's deadline until November 23, 2023,

and warned Plaintiff that failure to do so would result in dismissal for failure to prosecute.  ECF

No. 25.

On November 29, 2022, the Court issued an order directing Plaintiff to show cause by

December 6, 2022, why this action should not be dismissed for failure to prosecute, noting

Plaintiff's ongoing lack of compliance with court orders.  ECF No. 26.  On April 4, 2023, the

Court extended Plaintiff's deadline to respond to the order to show cause until April 18, 2023. ECF No. 27. Plaintiff has taken no action in this matter since filing it over a year ago.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the federal rules] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). This obligation applies equally to plaintiffs proceeding on a *pro se* basis. *See, e.g.*, *Smith v. Griffen*, No. 15 Civ. 622, 2017 WL 4466453, at *2 (S.D.N.Y. Aug. 31, 2017) ("[C]ourts in this district routinely dismiss *pro se* . . . actions for failure to prosecute where, as here, [the plaintiff] fails to participate in the action or meet his obligation to provide the Court and [the defendants] with updated contact information[.]"), *report and recommendation adopted*, No. 15 Civ. 622, 2017 WL 4477062 (S.D.N.Y. Oct. 5, 2017).

> Before dismissing a case under Rule 41(b), the district court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Lewis v. Frayne*, 595 F. App'x 35, 36 (2d Cir. 2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in deciding whether dismissal is appropriate. *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004). Dismissal

under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all five factors weigh in favor of dismissal.  First, Plaintiff has failed to prosecute this action, as evinced by her failure to respond to or comply with court orders.  Plaintiff has further failed to communicate with the Court during the pendency of this matter.  The length of this delay is significant enough to weigh in favor of dismissal.  *See Peters-Turnbull v. Bd. of Educ.*, No. 96 Civ. 4914, 1999 WL 959375, at *2–3 (S.D.N.Y. Oct. 20, 1999) (noting that delay of five to ten months falls "comfortably within the time frames found sufficient" for dismissal).  Second, the Court expressly warned Plaintiff that failure to comply with its orders would result in dismissal for failure to prosecute.  ECF Nos. 25–27.  Third, because Plaintiff has not communicated with the Court for over a year and has not provided good cause for her absence, the Court may presume prejudice to Defendants resulting from the "unreasonable delay" in prosecution of this matter.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *Wan v. U.S. Postal Serv.*, No. 17 Civ. 1560, 2018 WL 1785485, at *4 (E.D.N.Y. Apr. 13, 2018).  Fourth, as to docket management, "it is not an efficient use of the Court's resources to permit this case to languish on the docket in the hope that [the p]etitioner will reappear in the future." *Ikpemgbe v. City of New York*, No. 18 Civ. 1027, 2021 WL 4198409, at *1 (S.D.N.Y. Sept. 15, 2021) (cleaned up).  Finally, dismissal is appropriate where the Court "has no reason to believe that lesser sanctions would be effective." *Watkins v. Matarazzo*, No. 13 Civ. 2477, 2015 WL 13745762, at *9 (S.D.N.Y. Sept. 22, 2015) (cleaned up). Here, given that Plaintiff has failed to communicate with this Court for over a year despite repeated warnings of the consequences, there is no reason to find that a lesser sanction would spur Plaintiff to prosecute the case.

Accordingly, Plaintiff's complaint is DISMISSED without prejudice for failure to prosecute.

The Clerk of Court is directed to terminate all pending motions, vacate all conferences, and close the case.  The Clerk of Court is further directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated:  April 19, 2023
New York, New York

ANALISA TORRES
United States District Judge